IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDDIE SYKES, #R-22570,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 16-cv-01241-SMY** |
| ) | |
| **DOCTOR TROST,** ) | |
| **DOCTOR FUENTES,** ) | |
| **NURSE MOLDENHOUER,** ) | |
| **NURSE SMITH,** ) | |
| **NURSE WALTER,** ) | |
| **NICOLE MORGAN,** ) | |
| **MISTY THOMPSON,** ) | |
| **AMIE LANG, and** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This case is now before the Court for preliminary review of the Complaint and Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 1) filed by Plaintiff Eddie Sykes, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"). Review of this matter pursuant to 28 U.S.C. § 1915A is not yet possible, however, because the Court has not received a copy of Plaintiff's Complaint. This case was opened on November 10, 2016. The voluminous Complaint could not be scanned and was instead mailed. The Court has not yet received it.

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In other words, "the first step in the action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption. The Court cannot ascertain the basis for jurisdiction without it. *Bell v. Hood*, 327 US. 678, 681-82 (1946);

*Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005).  The Court also cannot determine what causes of action Plaintiff intends to assert against the defendants.

Further, the Court cannot consider an application for a temporary restraining order and/or preliminary injunction without an affidavit or verified Complaint.  *See* FED. R. CIV. P. 65(b)(1)(A).  Plaintiff has provided neither.  On November 17, 2016, he filed an incomplete copy of the Motion for TRO and/or Preliminary Injunction (Doc. 1).  The motion consists of pages 1 through 6.  On page 6, Plaintiff states that he included more allegations "on [the] back" (Doc. 1, p. 6).  However, no additional pages were provided.  The motion includes no specific request for relief.  *See* FED. R. CIV. P. 8(a)(3).  Rule 8(a)(3) requires "[a] pleading that states a claim for relief [to] contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  *See id.*  The motion does not suffice as a Complaint and also represents an incomplete request for injunctive relief.  Although *pro se* litigants are not held to the same standards as licensed attorneys, they are not entitled to general dispensation from the rules of procedure.  *See Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).  The Motion for TRO and/or Preliminary Injunction shall be denied under the circumstances.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 1) is **DENIED** without prejudice.  If Plaintiff still seeks a temporary restraining order and/or preliminary injunction, he must file a new motion.  The Court cannot screen the Complaint or consider another motion for injunctive relief until it receives the Complaint.

In addition, Plaintiff must prepay his full $400.00 filing fee for this action or file a Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") along with a certified copy of his Trust Fund Statement for the 6-month period immediately preceding the filing of this action (from May 1, 2016 to November 10, 2016).  He is required to do so on or before December 16, 2016.  Failure to comply with this Order shall **result in dismissal** of this action under Federal Rule of Civil Procedure 41(b).  To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to provide Plaintiff with a blank form IFP motion.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 18, 2016**

**s/ STACI M. YANDLE**
**U.S. District Judge**