IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDDIE SYKES, # R-22570,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-01241-SMY |
| | ) |
| **DOCTOR TROST,** | ) |
| **DOCTOR FUENTES,** | ) |
| **NURSE PRACTITIONER** | ) |
| **MOLDENHOUER,** | ) |
| **NURSE SMITH,** | ) |
| **NURSE WALTER,** | ) |
| **NICOLE MORGAN,** | ) |
| **MISTY THOMPSON,** | ) |
| **AMIE LANG,** | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **GAIL WALLS, and** | ) |
| **DOCTOR SHEARING,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Eddie Sykes, who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 against eleven defendants who allegedly denied him adequate medical care at Menard for an enlarged prostate, bloody stool, difficulty urinating and high blood pressure, among other conditions. (Doc. 9). He sues these defendants for exhibiting deliberate indifference to his medical needs in violation of the Eighth Amendment. (Doc. 9, pp. 1-78). Plaintiff seeks monetary damages against them. (Doc. 9, pp. 79-80). He also seeks a preliminary injunction in the form of an order compelling the defendants to provide him with all medical testing and treatment that is necessary to resolve his numerous medical issues (Doc. 10).

1

This case was opened on November 10, 2016 after the Court received notification that Plaintiff submitted a voluminous Complaint and exhibits for filing in the prison's law library. Due to its size, the Complaint and exhibits could not be scanned at the prison and were instead mailed to the Court for filing. For reasons that are not altogether clear, the exhibits did not arrive by mail until November 22, 2016 -- twelve days later. (Docs. 4 and 5). The Complaint did not arrive until December 15, 2016. Further, because the Complaint listed no case number, a new case was opened. *See Sykes v. Trost, et al.*, No. 16-cv-1350-DRH (S.D. Ill.) ("new case") (Doc. 1).

The Court reviewed the Complaint and concluded that it belonged in the instant action. Therefore, the new case was closed on December 21, 2016. (Doc. 6, new case). The Clerk was directed to refile the Complaint in this action the same day.

This matter is now before the Court for preliminary review. Before the Court can screen the Complaint pursuant to 28 U.S.C. § 1915A, however, it must first address Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") filed on December 15, 2016. (Doc. 8). The IFP Motion was granted pursuant to an Order dated December 30, 2016. (Doc. 12). However, for the reasons set forth herein, the Court deems it necessary to revoke Plaintiff's IFP status upon reconsideration of the matter.

**IFP Motion**

Plaintiff seeks leave to proceed IFP without prepayment of the Court's usual $350.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions where pauper status is not granted.

together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's IFP Motion and affidavit satisfy these requirements.

However, according to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions that were dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996). Plaintiff is subject to the "three strikes rule" under 28 U.S.C. § 1915(g).

When setting forth his litigation history in the Complaint (Doc. 9), Plaintiff did not disclose any of his strikes.[2] However, court documents are public records, and the Court can take judicial notice of them. *Hensen v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of the electronic docket of this Court and the Public Access to Court Electronic Records

---

[2] Although Plaintiff technically fulfilled his obligation to disclose his litigation history to the Court, he did not disclose any of the strikes he was assessed under § 1915(g). He also failed to disclose the fact that he has been denied leave to proceed IFP on the basis of these strikes and, more importantly, that IFP has been *revoked* after his status was discovered by the Court. Plaintiff is **WARNED** that failure to clearly disclose each of his strikes in future litigation may result in the imposition of sanctions that include dismissal of the action for attempting to commit fraud on the Court. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (court may appropriately dismiss action filed by prisoner seeking to proceed as a pauper where he fails to accurately disclose his litigation history).

3

("PACER") website (www.pacer.gov) discloses the following actions that were filed by Plaintiff and resulted in the assessment of a strike: *Sykes v. Alfon*, No. 08-cv-76-DRH (S.D. Ill., dismissed July 2, 2008, for failure to state a claim); *Sykes v. Ameji*, No. 08-cv-2010-MPM-DGB (C.D. Ill., dismissed Aug. 28, 2008; docket entry of Jan. 13, 2009, notes the dismissal counts as a strike under 28 U.S.C. § 1915(g)); and *Sykes v. Feinerman*, Appeal No. 11-2106 (7th Cir., leave to appeal IFP denied July 21, 2011 (Doc. 9), and appeal counted as a strike for purposes of 28 U.S.C. § 1915(g)).

Prior to commencing this action, Plaintiff "struck out" by filing 3 or more prisoner actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Because Plaintiff has accumulated at least 3 strikes for purposes of § 1915(g), he may not proceed IFP in this or any other pending case in federal court unless he is in imminent danger of serious physical injury. Having reviewed Plaintiff's voluminous submission, the Court concludes that he does not satisfy this requirement.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where she states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

The Court looks to the allegations set forth in the original Complaint when determining whether Plaintiff faced imminent danger of serious physical injury. *See Ciarpaglini*, 352 F.3d at 330. In his 80-page Complaint (Doc. 9), Plaintiff names Wexford Health Sources, Inc. ("Wexford") and ten prison officials in connection with a claim that he was denied adequate medical care during his incarceration at Menard in 2007-08, 2010-2015, and since January 13, 2016. (Doc. 9, pp. 15-78). Plaintiff describes, in great detail, approximately a dozen chronic conditions that have affected him since 2003. These conditions include an enlarged prostate, bloody stool, difficulty urinating, a knot under his scrotum, blood pressure problems, lower back pain, thigh pain, hip pain, stomach pain and a "colon full of stool." (Docs. 9 and 10). He also describes boils that periodically form on his neck and head, a condition that presently presents no problem for him.

Plaintiff has regularly sought and received care for each of these conditions. He describes daily, weekly, or monthly appointments with the prison's medical staff and referrals to outside specialists, including numerous visits to a urologist. He has undergone testing that includes x-rays and an EKG, but insists that he now needs a bone scan. He has routinely taken prescription medications and over-the-counter pain relievers to manage each of the health conditions described above. Nothing works. At the same time, he complains of no change in these conditions during the past thirteen years.

In 2016, Plaintiff's medical complaints took a different turn. He allegedly developed allergy and sinus problems in the spring that persisted through the summer and into the fall. He saw prison medical staff to discuss his symptoms on numerous occasions. At these appointments, he also complained about his chronic medical issues. However, his primary focus

was on the allergy and sinus issues. Nowhere in his Complaint does Plaintiff state or suggest that he faces imminent danger of serious physical injury because of sinus and allergy problems.

By contrast, Plaintiff's Motion for Preliminary Injunction identifies the chronic conditions associated with his enlarged prostate, bloody stool, difficulties urinating, etc., as necessitating injunctive relief. (Doc. 10). Neither the Complaint nor the motion describes any recent change in his health and certainly not any deterioration. By all indications, the chronic conditions are stable and, though obviously aggravating to Plaintiff, present no imminent danger of serious physical injury. *See Piper v. Ghosh*, No. 10 C 5806, 2011 WL 494283, at *1 (N.D. Ill. 2011) (chronic back pain does not present "imminent danger of serious physical injury" because there is nothing "imminent" about the potential for an injury that "has already happened"). *But see Knox v. Benefield*, No. 07-cv-795-JPG (S.D. Ill. 2008) (noting that failure to treat a chronic disease that could result in serious harm or even death does constitute a "serious physical injury"). Further, the Complaint suggests that Plaintiff has received regular, ongoing medical treatment for these conditions.

The Court also notes that Plaintiff has unsuccessfully pursued similar claims in two prior § 1983 actions. One of these actions resulted in the assessment of a strike, after being dismissed at screening. *See Sykes v. Alfon*, No. 08-cv-76-DRH (S.D. Ill., dismissed July 2, 2008, for failure to state a claim). Plaintiff attempted to bring a second § 1983 action to address similar claims without disclosing the fact that he "struck out," and his IFP status was revoked after the Court learned of his status and also determined that he faced no imminent danger of serious physical injury. *See Sykes v. Wexford Health Sources*, No. 13-cv-0936-JPG (S.D. Ill., denied leave to proceed IFP on Oct. 11, 2013). All 3 actions focus on virtually the same medical issues and substantially similar medical treatment. In light of these considerations, the Court concludes that

Plaintiff faces no imminent danger of serious physical injury and cannot overcome the 3-strikes hurdle set forth under § 1915(g).  Plaintiff does not qualify to proceed in this action as a pauper, and his IFP status shall therefore be revoked.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's *in forma pauperis* status (*see* Docs. 8, 12) is **REVOKED**.

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **January 30, 2017**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension (Doc. 7) is **DENIED** as **MOOT**.

**IT IS ALSO ORDERED** that the Court's **RULING** is **RESERVED** on Plaintiff's Motion for Preliminary Injunction (Doc. 10) until after Plaintiff tenders payment of the $400.00 filing fee for this action and the Complaint is screened pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED:  January 6, 2017**

s/ STACI M. YANDLE<br>
United States District Judge