IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDDIE SYKES, # R-22570,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-01241-SMY |
| ) | |
| **DOCTOR TROST,** ) | |
| **DOCTOR FUENTES,** ) | |
| **NURSE PRACTITIONER** ) | |
| **MOLDENHOUER,** ) | |
| **NURSE SMITH,** ) | |
| **NURSE WALTER,** ) | |
| **NICOLE MORGAN,** ) | |
| **MISTY THOMPSON,** ) | |
| **AMIE LANG,** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| **GAIL WALLS, and** ) | |
| **DOCTOR SHEARING,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Eddie Sykes, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 against eleven defendants who allegedly denied him adequate medical care for an enlarged prostate, bloody stool, difficulty urinating, and high blood pressure, among other conditions. (Doc. 9). He sues these defendants for violating his right to receive adequate medical care under the Eighth Amendment. (Doc. 9, pp. 1-78). Plaintiff seeks monetary damages and injunctive relief. (Doc. 9, pp. 79-80; Doc. 10).

This case was opened on November 10, 2016, after the Court received notification that Plaintiff submitted a voluminous Complaint and exhibits for filing in Menard's law library. The

1

Complaint was too large to scan. It was instead mailed to the Court, but, for reasons that are still unclear, did not arrive until more than a month later on December 15, 2016.

Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on December 30, 2016. (Doc. 12). However, the Court revoked Plaintiff's IFP status on January 9, 2017, after discovering that he failed to disclose the fact that he "struck out" by filing 3 or more prior prisoner suits that were dismissed under 28 U.S.C. § 1915(g). (Doc. 13). Plaintiff was ordered to pay the $400.00 filing fee for this action in full by January 30, 2017, if he wished to proceed. *Id*. He was warned that failure to comply with the payment deadline would result in dismissal of this action for want of prosecution and for failure to comply with a court order. *See* FED. R. CIV. P. 41(b).

The deadline for paying the full filing fee has passed without any communication from Plaintiff. He is in clear violation of the Court's Order dated January 9, 2017. (Doc. 13). The Court will not allow this matter to linger indefinitely.

Accordingly, this action is **DISMISSED** with prejudice for failure to comply with an Order (Doc. 13) of this Court and for want of prosecution. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g).

Further, Plaintiff's pending Motion for Preliminary Injunction (Doc. 10) is **DENIED** as **MOOT**.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a Notice of Appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Because Plaintiff has already incurred three "strikes," his request to proceed IFP on appeal will be denied. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 6, 2017**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**